1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10   STEVEN W. ROSE,

11              Petitioner,              No. CIV S-08-3012 MCE DAD P

12        vs.

13   D.K. SISTO,

14              Respondent.             FINDINGS AND RECOMMENDATIONS

15   _____/

16              Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas

17   corpus pursuant to 28 U.S.C. § 2254.  Before the court is respondent's motion to dismiss the

18   petition on exhaustion grounds due to petitioner's alleged failure to fairly present any federal

19   constitutional claim or claims to the California Supreme Court.  Petitioner has filed an

20   opposition to the motion.

21   I.  The Pending Federal Petition for Writ of Habeas Corpus

22              In 1990, petitioner was sentenced to life imprisonment with the possibility of

23   parole.  (Petition (Doc. No 1) at 1/1.)[1]  In his petition now before this court petitioner challenges

24   _____

25        [1] Petitioner's habeas petition is 130-pages long and is not chronologically numbered.
     Therefore, the court will use the page numbers from the court's electronic filing system wherein
     the petition has been divided into Part 1 and Part 2.  Therefore, in referring to the petition the
26   court will first reference the Part number, then the electronic page number, separated by a slash.

1

1    the denial of parole at his sixth parole suitability hearing on February 5, 2008.  (Id. at 1/16.)

2    Although not entirely clear from his lengthy and somewhat convoluted petition, it appears

3    petitioner is claiming that the February 5, 2008 hearing was not properly noticed and that he was

4    deprived of his right to attend the hearing.  (Id. at 1/25.)  Petitioner also apparently claims that he

5    was denied the effective assistance of counsel at his parole hearing.  (Id. at 1/46.)

6             In his federal petition the petitioner provides a lengthy legal discourse concerning

7    California's judicial, sentencing and parole suitability systems as well as petitioner's contentions

8    that Greenholtz v. Inmates of Nebraska  Penal and Correctional Complex, 442 U.S. 1 (1979)

9    (holding that a prisoner has no federal constitutional right to parole) is not controlling, and that

10   parole involves a liberty interest which is greater than what was found in the Greenholtz

11   decision.  (Id. at 1/28-45, 49-52) (citing Superintendent v. Hill, 472 U.S. 445, 457 (1985) and In

12   re Rosenkrzntz, 29 Cal. 4th 616, 677 (2002)).  With respect to his ineffective assistance of

13   counsel claim, petitioner comments on how the right to counsel relates to the "some evidence"

14   standard and questions the standard of proof necessary to deny parole.  (Id. at 1/46-47.)[2]

15   Petitioner summarizes his ten grounds for federal habeas relief as follows:

16             Ground 1:  Petitioner identifies the "historical significance of pre-liberty

17   interests[,]" and critical California statutes and regulations, then applies "statutory construction

18   and liberty interests identifications" to "outline[] prejudice per its failure."  (Id. at 1/53.)

19             Ground 2:  Petitioner identifies the regulations that have been violated.  (Id.)

20   Specifically, petitioner argues that 15 CCR § 2280 and 2281 are unconstitutional.[3]  (Id. at 2/18.)

---

21

22      [2]  In this regard, petitioner argues that "where any evidence exist to deny parole, no right
to effective assistance of counsel can hope to disqualify, void, or otherwise mitigate the evidence.
Nor could an effective counsel have a possibility (much less than a probability) of persuading a

23   panel to grant parole where 'some evidence' exist to deny it."  (Id. at 1/47.)

24      [3]  Cal. Code Regs. tit. 15, § 2280 provides:  "A life prisoner shall be considered for parole
for the first time at the initial parole consideration hearing.  At this hearing, a parole date shall be

25   denied if the prisoner is found to be unsuitable for parole under § 2281(c) . . . .  The panel shall
also consider the criteria and guidelines set forth in this article for determining the suitability for

26   parole and the setting of parole dates, considering the number of victims of the crime for which

1      Ground 3:  Petitioner concludes that administrative remedies are inadequate and

2   that habeas relief is needed.  (Id. at 1/53.)  Petitioner argues that the "court must fix the

3   appropriate term, and afford all credits applicable to Petitioner . . . and if applicable discharge

4   parole at the earliest computation of time available under statute."  (Id. at 2/22.)

5      Ground 4:  Petitioner argues that California's parole scheme is distinguishable

6   from systems discussed in U.S. Supreme Court cases.  (Id. at 1/54.)

7      Ground 5:  Petitioner contends that California's parole system provides a greater

8   liberty interest than found in U.S. Supreme Court cases.  (Id.)

9      Ground 6:  Petitioner argues that the "some evidence" standard is insufficient.

10  (Id.)

11     Ground 7:  Petitioner argues that greater due process protections are required

12  because of a heightened liberty interest for parole.  (Id.)

13     Ground 8:  Petitioner argues that the procedural protections provided under

14  California's parole system violate procedural and substantive due process.  (Id.)

15     Ground 9:  Petitioner addresses the Sixth Amendment issues applicable to

16  "fundamental fairness objectives[.]"  (Id.)

17     Ground 10:  Petitioner "invokes cumulative error doctrine[.]"  (Id.)

18  II.  The Parties' Arguments

19     Respondent contends that the nature of petitioner's federal claim or claims in his

20  pending petition and in the petition he filed with the California Supreme Court are unclear.

21  (MTD (Doc. No. 15) at 2.)  According to respondent, petitioner failed to allege any facts in his

22

---

23  the prisoner was sentenced and any other circumstances in mitigation or aggravation.  Cal. Code
    Regs. tit. 15, § 2281 provides:  "(a) The panel shall first determine whether a prisoner is suitable
24  for release on parole.  Regardless of the length of time served, a life prisoner shall be found
    unsuitable for and denied parole if in the judgment of the panel the prisoner will pose an
25  unreasonable risk of danger to society if released from prison."  Section 2281 also identities the
    information the panel may consider and the circumstances tending to show suitability and
26  unsuitability for release.

1   state or federal petitions that would entitle him to federal habeas relief.  (Id.)  Instead, respondent

2   argues, petitioner has merely expressed a general dissatisfaction with the interpretation of

3   California law relating to release from prison on parole.  (Id.)

4            Respondent has attached petitioner's habeas petition filed with the California

5   Supreme Court to the motion to dismiss.  Respondent notes that although petitioner cited and

6   analyzed numerous state and federal authorities in that state habeas petition, he failed to relate

7   any of those authorities to his case.  (Id. at 3.)  Respondent recognizes that petitioner has made a

8   conceptual argument about his liberty interest in parole and argues that he may have been denied

9   parole without a finding of current dangerousness.  However, according to respondent, petitioner

10  never claimed in his state habeas petition that he was illegally denied parole, that there was no

11  evidence of his current dangerousness before the Board, or that somehow he is entitled to release

12  on parole as a matter of federal law.  (Id. at 4.)  Respondent points out that, in addition, the

13  prayer for relief in petitioner's state habeas petition also does not aid in identifying any federal

14  claim.  Respondent concludes that "[s]ince Rose failed to present any federal constitutional issue

15  at all to the California Supreme Court, he may not attempt to present such an issue here, nor has

16  he done so."  (Id. at 5.)[4]

17           In opposition to the motion to dismiss, petitioner argues that his federal habeas

18  petition pending before this court raises issues "of great public importance" concerning liberty

19  interests and standards of review.  (Opp'n (Doc. No. 16) at 1.)[5]  Petitioner argues that before

20  every state court he has argued,

21           the constitutional rights and protections associated and
             constitutional inadequacies of the process . . . [and] having done
22           so, [the] [S]tate at that point as a matter of law, were [sic] required

23  _____

24  [4]  Respondent also observes that petitioner discusses at length in his pending petition the
    decision in In re Rodriguez, 14 Cal. 3d 639 (1975) concerning California's Indeterminate
    Sentencing Law (ISL) but that  petitioner was sentenced in 1991, long after California's ISL was
25  abolished.

26  [5]  Petitioner's opposition is styled as a "Reply To State's Motion To Dismiss."

1    to conduct meaningful statutory construct test, identify the liberty
     interests, compare stare [sic] decisis and precedent available and
2    determine what level of due process is required and if the current
     level of due process is sufficient to safeguard the liberty interest at
3    stake.

4    (Id. at 3.)  Petitioner asserts that in his state habeas petitions he repeatedly referred to federal

5    cases concerning "statutory construction, liberty interests and standards of review" to support his

6    contention that "parole should have been granted long ago[.]"  (Opp'n at 2.)  Petitioner argues

7    that "the state court had a fair opportunity, and [petitioner] rest[s] his position upon the fact that

8    in his exhaustions [sic] he argued the constitutional rights and protections associated and

9    constitutional inadequacies of the process, at every level."  (Id. at 3.)  Petitioner contends that

10   respondent has ignored his arguments that parole is entitled to a "hightened [sic] liberty interests"

11   standard.  (Id. at 6.)  Petitioner argues that he has satisfied the exhaustion requirement by

12   challenging "the very standards and procedures inherently mandated upon Respondents [state

13   jurisdiction] by existing laws and interpretations thereof."  (Id.)

14              Petitioner also contends that he presented a federal due process claim to the state

15   courts when he sought relief on the ground that his February 5, 2008, parole hearing was

16   conducted without him being present and without his knowledge.  (Id. at 9.)  Petitioner disputes

17   respondent's assertion that he is misapplying California's old indeterminate sentencing law.  (Id.

18   at 13.)  Petitioner argues that when parole is granted, it modifies or terminates an indeterminate

19   life sentence to a determinate sentence of 3, 5, or 7 years of constructive custody.  (Id. at 13.)

20   Relying on In re Rodriguez, 14 Cal. 3d 639 (1975) and California Penal Code § 3041, petitioner

21   contends that a fixed term of incarceration based on individual culpability must be set by the

22   Board before parole suitability is considered.  (Id. at 15-16.)  Petitioner calculates that his

23   commitment offense carries a minimum mandatory sentence of seven years and if parole is

24   granted, the life sentence is modified to a maximum of seven years.  (Id. at 18.)  In addition,

25   petitioner contends that he has served thirteen additional years following his 7-year minimum

26   /////

1 term based on aggravated factors which were erroneously applied in his case in violation of due

2 process.  (Id.)

3 III.  Exhaustion of State Court Remedies

4          State courts must be given the first opportunity to consider and address a state

5 prisoner's habeas corpus claims.  See Rhines v. Weber, 544 U.S. 269, 273-74 (2005) (citing Rose

6 v. Lundy, 455 U.S. 509, 518-19 (1982)); King v. Ryan, 564 F.3d 1133 (9th Cir. 2009) ("Habeas

7 petitioners have long been required to adjudicate their claims in state court - that is, 'exhaust'

8 them - before seeking relief in federal court."); Farmer v. Baldwin, 497 F.3d 1050, 1053 (9th Cir.

9 2007) ("This so-called 'exhaustion requirement' is intended to afford 'the state courts a

10 meaningful opportunity to consider allegations of legal error' before a federal habeas court may

11 review a prisoner's claims.") (quoting Vasquez v. Hillery, 474 U.S. 254, 257 (1986)).  In general,

12 a federal court will not grant a state prisoner's application for a writ of habeas corpus unless "the

13 applicant has exhausted the remedies available in the courts of the State."  28 U.S.C. §

14 2254(b)(1).  A state will not be deemed to have waived the exhaustion requirement unless the

15 state, through counsel, expressly waives the requirement.  28 U.S.C. § 2254(b)(3).

16          A petitioner satisfies the exhaustion requirement by fairly presenting to the

17 highest state court all federal claims before presenting the claims to the federal court.  See

18 Baldwin v. Reese, 541 U.S. 27, 29 (2004); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v.

19 Connor, 404 U.S. 270, 276 (1971); Wooten v. Kirkland, 540 F.3d 1019, 1025 (9th Cir. 2008).  A

20 federal claim is fairly presented if the petitioner has described the operative facts and the federal

21 legal theory upon which his claim is based.  See Wooten, 540 F.3d at 1025 ("Fair presentation

22 requires that a state's highest court has 'a fair opportunity to consider . . . and to correct [the]

23 asserted constitutional defect.'"); Lounsbury v. Thompson, 374 F.3d 785, 787 (9th Cir. 2004)

24 (same) (quoting Picard, 404 U.S. at 276)); Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003),

25 overruled on other grounds by Robbins v. Carey, 481 F.3d 1143, 1146 (9th Cir. 2007); Weaver v.

26 /////

1   Thompson, 197 F.3d 359, 364 (9th Cir. 1999); see also Bland v. California Dep't of Corrs., 20

2   F.3d 1469, 1473 (9th Cir. 1994).

3   IV.  Discussion

4            The court has reviewed the habeas petition filed with the California Supreme

5   Court by petitioner as well as his opposition to the motion to dismiss now before the court.[6]  In

6   the petition filed with the California Supreme Court, petitioner himself characterized the three

7   grounds for habeas relief he was presenting to that court as follows.

8            [¶] In Ground (1) petitioner identifies the ultimate points and relief
             sought, and then turns his attention to a wholly (sic) different but
9            critical statute that gives rise to the spirit of those regulations relied
             upon.  In doing so the Petitioner outlines the historical significance
10           of pre-liberty interests and the constitutional basis found inherently
             dispositive of the necessities it mandates.  Petitioner goes on to
11           apply statutory construction and liberty interests identifications
             related to sought after procedural conformity to the law by the
12           board – and outlines prejudice per its failure.

13           Ground (2) takes up where Ground (1) lift (sic) off, the latter
             having identified the violations, and the former attacking the
14           regulations enabling such violations as unconstitutional.
             Noteworthy is that Ground (1) identifies a host of means by which
15           the regulations could of/should have, been attacked – and but for
             ignorance of the law were not (indeed this action researches and
16           drafted by another).  Thereafter Ground (3) closes out the argument
             locking in the relief sought, explaining the unavailability of
17           administrative remedy and as habeas corpus is the only vehicle
             whereby relief can be speedily had – that the board no longer
18           retains jurisdiction and, the writ must issue.

19   (MTD (Doc. No. 15), Ex. A (hereafter, California Supreme Court Petition) at 2/20.)[7]

20   _____

21       [6] Petitioner's opposition serves to support the arguments made by respondent in the
     motion to dismiss.  In both his petition and in the opposition brief, petitioner's arguments are
22   broadly stated and not supported by any allegations of specific facts.

23       [7] The habeas petition filed by petitioner with the California Supreme Court is 140 pages
     and not numbered in numerical order.  This court will therefore use the page numbers from the
24   Court's electronic filing system when referring to that petition.  Because of the length of the
     petition submitted to the California Supreme Court, this court's electronic filing system has
25   divided the petition into two part.  See Doc. No. 15 at Part 2 and Part 3.  In referring to that
     petition this court will refer first to the Part number and then to the page number separated by a
26   slash mark.

1    In the over thirty pages of handwritten briefing that follows this summary of

2  claims in the petition filed with the California Supreme Court, petitioner did nothing to clarify

3  the nature of any federal constitutional claim that he was attempting to present.  Rather, in

4  confusing language he appeared to focus on allegations that California law had been violated in

5  connection with his sentencing and subsequent parole proceedings.  Although in his petition to

6  the California Supreme Court, he mentioned both the State and U.S. Constitution and due

7  process along with state and federal decisions addressing one's due process rights in connection

8  with parole proceedings, he never tied those authorities to any specific claim nor to any particular

9  parole proceeding in which he was involved.  Indeed, it does not appear what relief, if any,

10  petitioner sought from the California Supreme Court.

11    A simple comparison of the ten specific claims presented in the pending federal

12  petition with the three claims presented to the California Supreme Court, as characterized by

13  petitioner himself, establishes that petitioner has failed to satisfy the exhaustion requirement.   It

14  is true that a pro se habeas petition may be viewed more leniently for exhaustion purposes than a

15  petition drafted by counsel.  Fields v. Washington, 401 F.3d 1018, 1021 (9th Cir. 2005) (citing

16  Sanders v. Ryder, 342 F.3d 991, 999 (9th Cir. 2003), cert. denied, 541 U.S. 956 (2004)).

17  Nonetheless, as the Ninth Circuit has recognized even pro se habeas litigants must fairly present

18  to the highest state court all federal claims before seeking federal habeas relief.

19        Petitioner's briefing to the state court mentioned the federal
          Constitution twice, and "due process once, but discussed an
20        applicable provision of the state constitution throughout the
          remainder of the argument. Petitioner's mere mention of the
21        federal Constitution as a whole, without specifying an applicable
          provision, or an underlying federal legal theory, does not suffice to
22        exhaust the federal claim. See Castillo v. McFadden, 399 F.3d
          993, 1002 (9th Cir.2005) (holding that exhaustion demands more
23        than a citation to a general constitutional provision, detached from
          any articulation of the underlying federal legal theory).  Nor is a
24        federal claim exhausted by a petitioner's mention, in passing, of a
          broad constitutional concept, such as due process. See Hiivala [v.
25        Wood], 195 F.3d [1098,] 1106 [9th Cir. 1999] (holding that

26  /////

8

1    general appeals to broad constitutional principles, such as <u>due</u>
     <u>process</u>, equal protection, and the right to a fair trial, are
2    insufficient to establish exhaustion (emphasis added)).

3    <u>Fields</u>, 401 F.3d at 1021.  <u>See</u> also <u>Castillo v. McFadden</u>, 399 F.3d 993, 999 (9th Cir. 2005)

4    ("Castillo must have "characterized the claims he raised in state proceedings <u>specifically</u> as

5    federal claims.")

6         Moreover, a review of the state habeas petition reveals that petitioner did not

7    provide the California Supreme Court with any factual or legal basis in support of the ten claims

8    he has now set forth in his federal habeas petition.  <u>See</u> <u>Scott v. Schriro</u>, 567 F.3d 573, 582 (9th

9    Cir. 2009) ("A petitioner fully and fairly presents a claim to the state courts if he presents the

10   claim . . . by providing the factual and legal basis for the claim[.]"); <u>Davis v. Siva</u>, 511 F.3d

11   1005, 1009 (9th Cir. 2008) ("[T]o exhaust the factual basis of the claim, the petitioner must . . .

12   provide the state court with the operative facts, that is, all of the facts necessary to give

13   application to the constitutional principle upon which the petitioner relies.").[8]  For example, in

14   his habeas petition filed with the California Supreme Court, petitioner refers to exhibits in

15   support of his apparent contention that the February 5, 2008, parole hearing was conducted in his

16   absence and without proper notice.  (California Supreme Court Petition at 2/18.)  Similar

17   allegations appear in the habeas petition pending before this court.  However, the exhibit referred

18   to by petitioner in his state petition in support of this claim was a transcript of his August 2, 2007

19   parole hearing, not the February 5, 2008 hearing.[9]  (<u>Id.</u> at 3/5.)

20

21   [8] Nor has petitioner provided any factual or legal basis for these same claims in the petition pending before this court.

22

23   [9] Petitioner alleged that he did not attend his August 2, 2007, parole hearing because of a conflict with his attorney.  (California Supreme Court Petition at 3/7.)  The parole commissioners
24   decided to reschedule that parole hearing so that petitioner could obtain another attorney and be interviewed by the new attorney prior to his parole hearing.  (<u>Id.</u> at 3/10.)  Notably, the exhibits submitted by petitioner with his state petition also included the Board of Prison Terms hearing
25   decision face sheet from his February 5, 2008 hearing.  (<u>Id.</u> at 3/18.)  That exhibit reflects that petitioner was sent a notice for the February 5, 2008 hearing and that his counsel was present at
26   the hearing.  (<u>Id.</u>)  Thus, petitioner not only failed to provide the California Supreme Court with

1    In short, it is difficult to decipher the nature of the habeas claims which petitioner

2  presented to the California Supreme Court.  What can be said with certainty, however, is that

3  whatever the contours of those claims, they did not constitute a fair presentation to that court of

4  the federal constitutional claims, if any, which petitioner now seeks to present to this court for

5  review.[10]  Therefore, respondent's motion to dismiss the petition due to petitioner's failure to

6  exhaust his claims in state court should be granted.

7  V.  Other Matters

8    Petitioner has filed a motion for declaratory and injunctive relief seeking a court

9  order stating that he need not submit to psychological evaluations.  (Mot. for Declaratory

10  /Injunctive Relief (Doc. No. 18) at 1.)  Therein, petitioner contends that past psychological

11  evaluations have been improperly used at his parole hearings and no future parole hearings

12  should be held until this action has been adjudicated.  In light of the court's recommendation that

13  respondent's motion to dismiss be granted and due to petitioner's failure to provide any legal

14  authority in support of his contention that the use of psychological assessments at his parole

15  hearings has violated his constitutional rights, his motion for declaratory and injunctive relief

16  should be denied.

17  /////

18  _____

19  the factual basis for a claim he now wishes to pursue in this court, his own exhibits appeared to
belie such a claim.

20    [10]  The court notes that the pending petition appears to fail to allege any cognizable claim
of entitlement to federal habeas relief.  To the extent  petitioner may be attempting to claim that

21  he is entitled to release solely because he has a liberty interest in parole, he has failed to state a
cognizable federal habeas claim.  It is true that California's parole scheme gives rise to a

22  cognizable liberty interest in release on parole, even for prisoners who have not already been
granted a parole date.  Sass v. Cal. Bd. of Prison Terms, 461 F.3d 1123, 1128 (9th Cir. 2006);

23  Biggs v. Terhune, 334 F.3d 910, 914 (9th Cir. 2003); McQuillion I, 306 F.3d at 903; see also In
re Lawrence, 44  Cal. 4th 1181, 1204, 1210, 1221 (2008).  However, a federal due process claim

24  is only cognizable if a petitioner alleges that constitutionally-required procedural safeguards were
not provided to him.  Ky. Dep't of Corr. v. Thompson, 490 U.S. 454, 459-60 (1989); McQuillion

25  I, 306 F.3d at 900.  Here, petitioner has not so alleged.  Nonetheless, the court is mindful that an
unexhausted habeas claim may be denied on the merits only if it is "perfectly clear" that it is not

26  colorable.  Cassett v. Stewart, 406 F.3d 614, 623 (9th Cir. 2005).

CONCLUSION

For the reasons set forth above, IT IS HEREBY RECOMMENDED that:

1. Respondent's March 27, 2009 motion to dismiss the pending habeas petition as unexhausted (Doc. No. 15) be granted;

2. Petitioner's motion for declaratory and injunctive relief (Doc. No. 18) be denied; and

3. This action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 11, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
rose3012.mtd